UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAY HAMANN, an individual,<br><br>                Plaintiff,<br>   v.<br><br>HAMILTON & SPEAR PAINTING, an Idaho company; NORTHCON, INC., an Idaho company; WALL 2 WALL FLOORCOVING, an Idaho company; STATE OF IDAHO MILITARY DIVIDION; IDAHO ARMY NATIONAL GUARD; GOWEN FIELD FIRE AND CRASH RESCUE; UNITED STATES OF AMERICA; and DOES I-X, unknown parties,<br><br>                Defendants. | Case No. 1:13-cv-00132-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO SEVER AND REMAND** |

## INTRODUCTION

Defendants Wall 2 Wall Flooring ("Wall 2 Wall"), Hamilton & Spear Painting ("Hamilton"), and Northcon, Inc. ("Northcon") seek to sever the claims against them by Plaintiff Jay Hamann, and remand those claims to the Fourth Judicial Court, State of Idaho, Ada County, on the grounds that the claims arise under Idaho worker's compensation law and are accordingly outside of the jurisdiction of this Court. Hamann, in opposition to this motion, argues while the injury he allegedly suffered occurred within the scope of his employment, the immediate Defendants are third-parties, not his

employer, and his causes of action against them arise independent from Idaho's worker's compensation law. The Court finds the Hamann's negligence claims do not arise from Idaho's worker's compensation law and accordingly the Motion to Sever and Remand will be denied.

## BACKGROUND

On March 23, 2013, Hamann filed a complaint against Hamilton in the District Court of the Fourth Judicial District of the State of Idaho alleging that he inhaled epoxy while performing duties in the scope of his employment while on duty at Gowen Field. Dkt. 1-4. Hamann later amended the complaint to add the remaining defendants. Dkt. 1-6. According to the complaint, Defendant Hamilton was the sub-tier contractor for a re-flooring project at Gowen. Defendant Northcon was the general contractor for the project and Defendant Wall 2 Wall was the sub-contractor for the project. Id. Defendant William Mattravers was and is the Fire Chief at Gowen. Id.

On March 19, 2013, the United States filed a notice of removal to this Court. Dkt. 1. According to the notice, William Mattravers, whom Hamann had listed as a defendant, was acting within the scope of his employment as an employee of the United States when the alleged incident occurred. Dkt. 1-2. Accordingly, Hamann's claims were claims against the United States of America, covered under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*, and removable pursuant to 28 U.S.C. § 2679(d). Dkt. 1.

On April 8, 2013, Wall 2 Wall filed a Motion to Sever and Remand on the grounds that Plaintiff's claims against it arise under Idaho's Workers Compensation Law and are

thus non-removable. Northcon and Hamilton subsequently filed motions to join Wall 2 Walls's motion to sever and remand.

## LEGAL STANDARD

The removal statute, 28 U.S.C § 1441(a), provides that any civil action brought in a state court, over which a federal court would have original jurisdiction, may be removed to federal court. However, any claim that has been made nonremovable by statute, or that is not within the original or supplement jurisdiction of a district court, must be severed and remanded to state court. 28 U.S.C § 1441(c).

Civil actions arising under a worker's compensation law have been made nonremovable by statute. 28 U.S.C § 1445(c). Therefore, if Hamann's claims against Wall 2 Wall, Northcon, and Hamilton arise from the worker's compensation laws of Idaho this Court does not have jurisdiction over the claims.

Additionally, a district court has supplemental jurisdiction over all claims which are closely related to a claim over which that district court has original jurisdiction. 28 U.S.C. § 1367. All parties appear to agree that the Court does not have original jurisdiction over Hamann's claims against Wall 2 Wall, Northcon, or Hamilton, but that these claims are closely related to Hamann's claims against the United States, over which this Court does have original jurisdiction. Therefore, if Hamann's claims against Wall 2 Wall, Northcon, and Hamilton do not arise out of the worker's compensation laws of Idaho, the Court does have jurisdiction over the claims.

## ANALYSIS

Idaho's worker's compensation law gives employers immunity from civil actions brought by an employee, when that employee has been injured in the capacity of his employment, while providing those injured employees with "sure and certain relief." I.C. § 72-201. Idaho Code § 72-223, however, states, "the right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstance creating in some person other than the employer a legal liability to pay damages."

Idaho case law has long recognized the right of an employee to receive worker's compensation and separately bring a tort action against a third party who allegedly contributed to the employee's injury. *See Tucker v. Union Oil Co. of California*, 603 P.2d 590, (1979), *Lake v. State*, 227 P.2d 361 (1951), *Runcorn v. Shearer Lumber Products, Inc.*, 690 P.2d 324 (1984). In *Tucker*, the plaintiff/employee suffered an industrial accident while acting within the scope of his employment. After receiving worker's compensation, the plaintiff brought a negligence action against eight non-employer defendants who allegedly contributed to his injuries. *See* 603 P.2d 156, 167. Although the plaintiff received worker's compensation, he was not barred from suing the third-parties, and his action against the third-party defendants did not invoke the statute. *See id.*

Third-party suits, invoking common law causes of action, have also been brought in federal court. *See Peone v. Regulus Stud Millls, Inc.* 858 F.2d 550, 551 (9th Cir. 1988). In *Peone*, the Ninth Circuit affirmed the District of Idaho's determination that the federal courts had jurisdiction over a negligence claim brought by the plaintiff against a third-party defendant relating to an accident he suffered in the course of his employment. *Id.*

Although the plaintiff in *Peone* invoked the diversity jurisdiction of the federal courts, the court determined that the claim in federal court was not barred by 28 U.S.C § 1445(c); that is, the claim was deemed not to have arisen under Idaho's worker's compensation laws. *See id.*

The Defendants argue that under *Baker v. Sullivan*, 979 P.2d 619 (Idaho 1999), "all claims arising out of and sustained during the course of employment" fall under the worker's compensation law. Under this proffered reading of the statute, when an employee goes to work, that employee loses the ability to sue in federal court, regardless of the claim and regardless of the defendant. However, that view has not been adopted by this Court, as indicated by the many tort cases brought before this Court, in which the plaintiff's injuries were incurred while working. *See, e.g. Schwenk v. Home Depot U.S.A.*, 2009 WL 262126 (Idaho 2009). In these cases the plaintiff's employer was immune from civil litigation – in this or any other court, but the third-parties were not immune and the actions were therefore properly brought in federal court.

Hamann is similarly situated to the plaintiff in *Peone*. *See* 858 F.2d at 551. Hamann is suing the third-party Defendants on a theory of negligence. Hamann's complaint did not invoke Idaho's worker's compensation laws and Hamann accurately points out that I.C. § 72-223 only acknowledges that third-party liability exists, and is not the source of the plaintiff's cause of action against third-parties. Dkt. 1-4, and 1-6; Dkt. 18. Therefore, the Court finds that Hamann's claims against Defendants Wall 2 Wall, Northcon, and Hamilton do not arise from Idaho's worker's compensation laws. Therefore, they were properly removed.

## ORDER

**IT IS ORDERED:**

1. Defendant Wall 2 Wall Flooring having filed a Motion to Sever and Remand (Dkt. 11), Defendant Hamilton & Spear Painting's joinder in the motion (Dkt 15), and Defendant Northcon, Inc.'s joinder in the motion (Dkt. 17), are **DENIED**.

DATED: June 28, 2013

B. Lynn Winmill
Chief Judge
United States District Court